UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH WANG | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-01039-SDJ |
| | § | |
| NATIONAL MEDIATION, LLC AND OSCAR WARREN WELLS, III | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Joseph Wang's Motion for Default Judgment as to National Mediation, LLC and Oscar Warren Wells, III (the "Motion"). (Dkt. #14). After full consideration, the Court finds that the Motion should be denied without prejudice and the entry of default vacated.

## I. Background

Over the span of ten months, Joseph Wang gave $719,427.10 to an alleged debt collector, National Mediation, LLC ("National Mediation") and its owner Oscar Wells, III ("Wells") (together, "Defendants"). (Dkt. #1 ¶¶ 27, 41). Wang claims he "still does not know what debt National Mediation and Wells are collecting from him" but paid the amounts anyway due to fear and coercion. (Dkt. #1 ¶¶ 33, 40, 43). Finally, on November 22, 2024, he filed the present complaint, alleging violations of federal debt collection laws, violations of the Texas Finance Code, and invasion of privacy. (Dkt. #1 ¶¶ 63–80). The process server, Anjenai Green—who attested that her address was 416 Raven Springs Trail, Stone Mountain, GA—served Wells personally on November 26, 2024. (Dkt. #14-7 at 3). On December 3, 2024, Anjenai Green, now residing at 4356 Houseworth Drive in Lithonia, GA, served "Jane Doe" as the person

"designated by law to accept service of process on behalf of" National Mediation. (Dkt. #14-8 at 3). For both defendants, the process server used Form AO 440, issued by the Administrative Office of the U.S. Courts, for proof of service. (Dkt. #14-7 at 3); (Dkt. #14-8 at 3). Both Wells and National Mediation failed to make an appearance. The clerk entered a default at Wang's request, (Dkt. #11) (Dkt. #12). Wang filed the present Motion for a Default Judgment on December 1, 2025. (Dkt. #14).

## II. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party and the procedure to seek entry of a default judgment. *See* FED. R. CIV. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* The plaintiff may then apply for a judgment by the court based on this default—a "default judgment." *Id.*

Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "Federal Rule of Civil Procedure 55(c) states that the court may set aside an entry of default 'for good cause.'" *Aromaye v. U.S. Bank Tr. Nat'l Ass'n as Tr. for B4 Residential Mortg. Tr.*, No. 6:24-CV-00188-JCB-JDL, 2025 WL 4080569, at *1 (E.D. Tex. Jan. 24, 2025). The Fifth Circuit has instructed district courts, analyzing whether good cause exists, to "consider whether

the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). Because the Fifth Circuit generally disfavors default judgments, "the requirement of 'good cause' . . . ha[s] generally been interpreted liberally." *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991); *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (noting that courts prefer "[the] disposition of cases on their merits, not [] the termination of litigation by procedural maneuver.").

## III. Discussion

Because Wang has failed to properly serve either defendant pursuant to federal or state rules of civil procedure, the Clerk's Entry of Default will be vacated and the Motion will be denied.

### A. The Clerk's Entry of Default

"It is axiomatic that a defendant has no duty to answer a lawsuit until properly served; and consequently, a plaintiff is not entitled to obtain a default judgment until proper service is effectuated." *RooR Int'l BV v. A1 Smoke Shop Inc.*, No. 4:18-cv-3828, 2019 WL 6330543, at *2 (S.D. Tex. Oct. 18, 2019), *report and recommendation adopted*, 2019 WL 6330483 (S.D. Tex. Nov. 25, 2019); *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (explaining a "district court has the duty to assure that it has the power to enter a valid default judgment"). The Plaintiff, thus, bears the burden of demonstrating proper service. *See Aromaye*, 2025 WL 4080569, at *1. "Without proper service, there is no personal jurisdiction

over [a] defendant, and thus, the Court has 'good cause' to set aside the default as it is 'void.'" *Schopp v. Results Nat'l LLC*, 4:16-cv-00890-ALM-KPJ, 2017 WL 6030081, at *2 (E.D. Tex. Nov. 15, 2017); *see Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 412 (5th Cir. 1998) (noting that "when a district court lacks jurisdiction over a defendant because of lack of service of process, the default judgment is void and must be set aside"); *see also Lafayette Ins. Co. v. French*, 59 U.S. 404, 406 (1855) (explaining it is a "principle of natural justice which requires a person to have notice of a suit before he can be conclusively bound by its result").

Federal Rule of Civil Procedure 4(e) permits service by four methods: (1) the law for service of process in the state where the district court is located or the state where service was attempted, (2) delivering a copy of the summons and complaint personally, (3) leaving a copy of the summons and complaint at the individual's usual place of abode with someone of suitable age and discretion, or (4) delivering a copy of the summons and complaint to an authorized agent for service of process. Because this Court is in Texas, the first method can be met by following Texas Rules of Civil Procedure Rule 106, which authorizes either personal delivery of both the summons and complaint to the defendant, or mailing the summons and complaint to the defendant by registered or certified mail. Additionally, because service was attempted in Georgia, the first method can also be met by following Georgia law. *See* GA. CODE ANN. § 9-11-4(c) (detailing how process may be served in Georgia).

Plaintiffs can likewise effectuate service of process on a corporation either in accordance with Federal Rule of Civil Procedure 4(h)(1)(B) or in accordance with the

law of the state where the district court is located or service is made. Rule 4(h)(1)(B) states corporations must be served:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Texas requires entities to maintain a registered agent and office in the state for the purpose of service. TEX. BUS. ORGS. CODE ANN. § 5.201(a). *See id.* § 5.255 (explaining which officers of an entity are agents for the purpose of service of process). Likewise, Georgia requires service on entities incorporated or domesticated in Georgia to be made by delivering a copy of the summons and complaint "to the president or other officer . . . , a managing agent thereof, or a registered agent, thereof." GA. CODE ANN. § 9-11-4(e)(1)(A) (noting if such service fails, the plaintiff may serve the Secretary of State). The summons must be served on an agent of the corporation with a copy of the complaint. FED. R. CIV. P. 4(c)(1). Texas courts indulge "no presumptions in favor of valid service." *Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848 (Tex. 2007). Georgia courts are "required to strictly apply the service requirements because notice is the very bedrock of due process." *Long v. Bellamy*, 674 S.E.2d 120, 125 (Ga. Ct. App. 2009), *overruled on other grounds by Ragan v. Mallow*, 744 S.E.2d 337 (Ga. Ct. App. 2012).

When not waived, proof of service is established by the server's affidavit. FED. R. CIV. P. 4(l)(1). "The serving party bears the burden of proving its validity." *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013

(5th Cir. 1990). That burden includes proof that the person served was the authorized agent per statute. *See id.* (explaining plaintiff served DEA officials personally, in contrast to the law, and bore the burden of proving that the service was valid).

**i. Proof of Service of Both Summons and Complaint.**

The mere reference to the complaint on page one of Form AO 440 is not sufficient to prove service of both the summons *and complaint* as required under both federal and state law. The proof of service documents for both Wells and National Mediation rely entirely on Form AO 440. (Dkt. #14-7 at 3); (Dkt. #14-8 at 3). However, they contain no reference to the complaint being served and no supporting affidavits attesting to service of the complaint. Georgia, Texas, and Federal law require service of both the summons (called a citation in Texas) and the complaint (called a petition in Texas). FED. R. CIV. P. 4(e); TEX. R. CIV. P. 106; GA. CODE ANN. § 9-11-4(e). While the AO Form 440 does refer to an "attached complaint" on its first page, other courts have found this reference insufficient to demonstrate that the complaint was in fact served. *See Midgett v. Cooper*, No. 1:20-CV-00941, 2022 WL 795762, at *1 (M.D.N.C. Mar. 16, 2022) ("[T]he Midgetts do not cite to any legal authority for the contention that the second page of the Form AO 440 is sufficient to implicitly prove service of both the summons *and the complaint*. Rather, courts uniformly require the affidavit to reflect service of both the summons and the complaint if each is not explicitly stated on the second page . . . ."); *see also United States v. Shiffman*, No. 6:23-CV-1043-CEM-DCI, 2023 WL 7495498, at *2 (M.D. Fla.

Nov. 13, 2023) (approving of *Midgett*). The Court is not satisfied that either Wells or National Mediation were properly served the complaint.

**ii. Proof of Service on a Corporation's Agent.**

In addition to the preceding deficiency, the proof of service for National Mediation is inadequate because a bare assertion that an anonymous person is National Mediation's agent authorized to receive service of process is insufficient to prove proper service. Wang's proof of service for National Mediation does not suggest why "Jane Doe" is National Mediation's authorized agent capable of accepting service. Nor did Wang offer any supplemental declarations or information in the complaint or Motion for Default Judgment to establish that fact. This deficiency is fatal for proof of service under Federal, Texas, and Georgia law. *See Smith v. Womans Hosp.*, 671 F. App'x 884, 887 (5th Cir. 2016) ("The envelope was left with an unnamed receptionist. The district court did not abuse its discretion in setting aside the default, as this service did not comply with the service requirements of Fed. R. Civ. P. 4(h) or any other proper method of service . . . . Smith failed to demonstrate that the unnamed employee was G4S's 'agent authorized by appointment or by law to receive service of process.'"); *Schopp*, 2017 WL 6030081, at *3 ("[N]o statute allows proper service to be made by delivering a summons and complaint to a 'John Doe,' and an assertion that 'John Doe' is authorized to accept service is insufficient."); *Cisneros v. Armor Health*, No. 2:23-CV-00292, 2025 WL 889428, at *2 (S.D. Tex. Jan. 14, 2025), *report and recommendation adopted*, No. 2:23-CV-00292, 2025 WL 887772 (S.D. Tex. Mar. 21, 2025) ("The return of service shows only that the summons and complaint were

delivered to Armor Health generally and accepted by an unidentified person . . . . This does not establish that the recipient was an officer, a managing or general agent, or any other authorized agent under Rule 4(h)(1)(B)."); *see also Floyd v. Piedmont Hosp., Inc.*, 445 S.E.2d 844, 845 (Ga. Ct. App. 1994) ("[I]f the employee is not an officer or has not been expressly designated by the corporation to receive service, it is necessary that he or she occupy some position of managerial or supervisory responsibility within the organization."(cleaned up)); GA. CODE ANN. § 9-11-4(e)(1)(A) (detailing specifically who may accept service on behalf of an entity incorporated or domesticated in Georgia); *Robinson v. Wilcher*, No. CV416-179, 2019 WL 1412930, at *3 (S.D. Ga. Mar. 27, 2019) ("Other than the conclusory designation of the served individual as "'JANE DOE' Wife," the process server did not include anything in his narrative on the return of service that supports the conclusion that he was speaking to the defendant's wife.").

The inadequate proof of service in *Schopp v. Results National* was substantially more comprehensive than the one here. 2017 WL 6030081, at *3. Though likewise referencing an anonymous "John Doe," it also alleged that said "John Doe" was authorized to accept service. *Id.* It gave some identifying information, like his height and hair color. *Id.* It also showed return receipt from a second mailing of the summons that was signed "RM," though the court found that was insufficient to establish that the recipient was an agent of the corporation on whom service would be proper. *Id.* If Schopp's effort cannot suffice as proof of service, then the present case also cannot.

By contrast, the court did find effective service in *Stingray IP Solutions, LLC v. TP-Link Technologies Co.*, despite service on a "Jane Doe." No. 2:21-CV-00045-JRG, 2022 WL 18397373, at *3 (E.D. Tex. May 4, 2022). However, unlike the present case, the plaintiff in *Stingray* served the defendants twice. *Id.* The first time was effectuated on the named agent of the subsidiary; only the second attempted service was on a "Jane Doe" in the office. *Id.* Even then, unlike the present case, the defendant made an appearance for their motion to dismiss for improper service but did not contest that the "Jane Doe" was authorized to accept service. *Id.* Additionally, the plaintiff had made redundant efforts to provide notice to the defendants, requesting that the court clerk send process documents and later moving for leave to effect alternative service on the foreign defendant. *Id.* The court concluded that "the totality of circumstances" confirmed the defendants had been properly served. *Id.* at *4. Such is not the case here where there is no evidence of who Jane Doe is and whether Jane Doe was authorized to accept service on behalf of National Mediation.

* * * *

For the foregoing reasons, service on Wells and National Mediation was improper. Therefore, the Clerk's Entry of Default, (Dkt. #12), will be vacated.

**B. The Motion for Default Judgment**

Because the court will vacate the Clerk's Entry of Default, Wang's motion for default judgment is procedurally improper. *See, e.g.*, *Aromaye*, 2025 WL 4080569, at *2; *Hester v. United States*, No. 4:20-CV-00065-RAS-CAN, 2021 WL 3354894, at *5 (E.D. Tex. June 2, 2021), *report and recommendation adopted*, 2021 WL 3476037

(E.D. Tex. Aug. 5, 2021); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (4th ed. 2021) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). However, the Court will grant Wang time to effectuate service in accordance with applicable law.

## IV. CONCLUSION

It is therefore **ORDERED** that the clerk's entry of default judgment, (Dkt. #12), is **VACATED**.

It is further **ORDERED** that Wang's Motion for Default Judgment, (Dkt. #14), is **DENIED without prejudice**.

It is further **ORDERED** that Plaintiff has until **October 29, 2026,** to provide proof of service on the two defendants which complies with applicable state or federal law. Failure to file proof of service will result in dismissal of the case without prejudice.

**So ORDERED and SIGNED this 29th day of September, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE